UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

|  |  |
|---|---|
| ELI FRIEDMAN, Individually and on behalf of all Others Similarly Situated, | x : : : |
| Plaintiff, | : Case No. 02 C 0308 C : Judge Barbara B. Crabb |
| vs. | : : |
| RAYOVAC CORPORATION, THOMAS H. LEE PARTNERS, LP, KENNETH V. BILLER, KENT J. HUSSEY, DAVID A. JONES, SCOTT A SCHOEN, STEPHEN P. SHANESY, THOMAS R. SHEPARD, RANDALL J. STEWARD, WARREN C. SMITH, JR. and MERRELL M. TOMLIN, | : : : : : : : |
| Defendants. | : : |

## [PROPOSED] ORDER AUTHORIZING THE DISTRIBUTION OF THE SETTLEMENT FUND

Upon consideration of Plaintiffs' Motion for an Order Authorizing the Distribution of the Settlement Fund (the "Motion"), the Motion is granted and shall be implemented in the manner set forth below.

In connection with Plaintiffs' Motion, Plaintiffs filed the report of A.B. Data, Ltd. ("A.B. Data" or the "Claims Administrator") in the form of the Affidavit of Anya Verkhovskaya (the "A.B. Data Report"), which describes the settlement procedures and the administration of the Settlement. The A.B. Data Report and attachments include a summary of the number of claims filed, approved, and rejected; a listing of the 588 properly documented claims; a listing of claims rejected and the

reasons for the rejections, which include insufficient documentation, failure to reflect an actionable loss, and duplications.

NOW, THEREFORE, upon consideration of the Motion, the Memorandum of Law in Support of the Motion, and the A.B. Data Report, it is hereby **ORDERED, ADJUDGED, AND DECREED as follows**:

1. The procedures used and actions taken by A.B. Data and Plaintiffs' Counsel for the administration of the Settlement are hereby adjudged to have been proper and complete, and the Court hereby approves the administrative determinations of A.B. Data in accepting and rejecting claims filed in this matter.

2. Distribution to 588 Authorized Claimants, as identified in the A.B. Data Report, is approved. As such, the Court hereby affirms A.B. Data's rejection of those 404 claims identified as being non-payable.

3. The Escrow Agent is ordered to pay all income taxes due on the earnings of the Settlement Fund.

4. The Escrow Agent and the Claims Administrator are directed to take all necessary steps to distribute the Settlement Fund to all claimants whose claims have been properly filed and approved herein. Distribution shall be in the manner authorized by the Stipulation, the Proof of Claim and Release forms previously disseminated to Class Members, and this Court.

5. The Court directs that the checks for distribution to the Authorized Claimants shall bear the notation "Non-Negotiable After 180 Days," and that no check shall be negotiated in the Settlement Fund more than 200 days after the date of the check.

6. The Court finds that one year after the initial distribution of the Net Settlement Fund, it will be appropriate to distribute any unclaimed monies remaining in the Net Settlement Fund in a secondary distribution to the Class if, in Plaintiffs' Counsel's discretion, there are enough monies remaining to warrant a secondary distribution.

7. The Court finds that one year after the secondary distribution of the Net Settlement Fund, or, if no secondary distribution occurs, one year after the initial distribution of the Net Settlement Fund, and after appropriate efforts to locate and distribute funds to the Authorized Claimants, it will be appropriate to distribute any unclaimed monies, remaining in the Net Settlement Fund to one or more educational or charitable organizations to be designated by Plaintiffs' Counsel.

8. The Court also finds that, 365 days after the initial distribution of the Net Settlement Fund, it will be appropriate for A.B. Data to destroy all paper copies of the Proof of Claim forms and related correspondence. The Court further finds that three (3) years following the initial distribution of the Net Settlement Fund, A.B. Data is authorized to destroy all electronic copies of claim records.

9. Plaintiffs, Plaintiffs' Counsel, A.B. Data and all other persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proof of Claim forms are released and discharged from any and all claims arising out of such involvement (the "released persons"), and all Class members, whether or not they are to receive payment from the Settlement Fund, are barred from making any further claims against the Settlement Fund or the released persons beyond the amount allocated to them by A.B. Data pursuant to this Order.

IT IS SO ORDERED this 28th day of July, 2008.

*Barbara B. Crabb*
UNITED STATES DISTRICT JUDGE

4